# In the United States Court of Federal Claims

No. 05-418 V
(Filed July 26, 2010)[1]

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JENNIFER MORSE, | * | National Childhood Vaccine |
| | * | Injury Act of 1986, 42 U.S.C. |
| *Petitioner*, | * | §§ 300aa-1 to -34 (2006); |
| | * | Review of Special Master's |
| v. | * | Determination of Reasonable |
| | * | Attorneys' Fees; Consideration |
| SECRETARY OF HEALTH AND | * | of Request for Additional Fees |
| HUMAN SERVICES, | * | Incurred in Preparing Motion for |
| | * | Review. |
| *Respondent*. | * | |
| * * * * * * * * * * * * * | * | |

*Ronald C. Homer*, Boston, MA, for petitioner.

*Althea Walker Davis*, United States Department of Justice, with whom were *Tony West*, Assistant Attorney General, *Timothy P. Garren*, Director, *Mark W. Rogers*, Deputy Director, *Gabrielle M. Fielding*, Assistant Director, Washington, DC, for respondent.

_____

## OPINION AND ORDER
_____

**Bush**, *Judge*.

_____

[1] Pursuant to Rule 18(b) of Appendix B of the Rules of the United States Court of Federal Claims, this Opinion and Order was initially filed under seal on June 24, 2010.  Pursuant to ¶ 4 of the ordering language, the parties were to propose redactions of the information contained therein on or before July 12, 2010.  No proposed redactions were submitted to the court.

The court now has before it Petitioner's Motion for Review of the Special Master's March 9, 2010 Decision on Attorneys' Fees (Pet'r Mot.), filed April 8, 2010.  A response brief (Resp't Br.) was filed by respondent on May 10, 2010. Although the court denied a previous motion for review challenging the special master's disallowance of certain expert costs, the court must grant this motion for review and set aside the special master's March 9, 2010 fees decision.

## BACKGROUND

In early January 2009, Ms. Jennifer Morse and respondent reached a settlement as to a stipulated award for her claim for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2006) (the Vaccine Act).  *Morse v. Sec'y of Health & Human Servs.*, No. 05-418V, 2009 WL 255592 (Fed. Cl. Spec. Mstr. Jan. 8, 2009) (*Morse I*). Respondent nonetheless disputed a portion of petitioner's subsequent request for attorneys' fees and costs.  The special master assigned to this case reduced petitioner's requested award of expert costs.  *Morse v. Sec'y of Health & Human Servs.*, No. 05-418V, 2009 WL 1783639 (Fed. Cl. Spec. Mstr. June 5, 2009) (*Morse II*).

Petitioner then timely filed a motion for review of the special master's June 5, 2009 decision on attorneys' fees and costs.  This court affirmed the special master's fees and costs decision on October 20, 2009.  *Morse v. Sec'y of Dept. of Health & Human Servs.*, 89 Fed. Cl. 683, 683 n.1 (2009) (*Morse III*).  Because petitioner sought additional attorneys' fees and costs related to the filing of her motion for review of *Morse II*, the court remanded the matter to the special master for consideration of petitioner's supplemental fees request.  *Morse III*, 89 Fed. Cl. at 691.

On November 4, 2009, petitioner submitted to the special master an application for $11,603.30 in additional attorneys' fees (Pet'r Fees Br.).  On November 20, 2009, petitioner reported that due to certain objections by respondent, petitioner had lowered her fee request to the amount of $11,000, and that the government had no further objections to that amount.  Thus, as of November 20, 2009 the special master was presented with an unopposed fees request for $11,000 related to the filing of petitioner's motion for review of the special master's decision in *Morse II*.  *Morse v. Sec'y of Health & Human Servs.*, No. 05-418V, 2010 WL 1177321, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2010) (*Morse*

2

*IV*).  The special master nonetheless "was concerned whether a reasonable basis supported Ms. Morse's motion for review and requested [on January 5, 2010] that Ms. Morse submit a brief explaining why a reasonable basis existed to support her motion for review."  *Id.*  A short brief (Pet'r Supp. Br.) was filed by petitioner on January 13, 2010.  On March 9, 2010, the special master denied petitioner's additional fees request in its entirety, concluding that "Ms. Morse has failed to establish that her motion for review [of *Morse II*] had a reasonable basis."  *Morse IV*, 2010 WL 1177321, at *6.

## DISCUSSION

### I.   Standard of Review

This court has jurisdiction to review the decisions of a special master in a Vaccine Act case.  42 U.S.C. § 300aa-12(e)(2).  As defined by Vaccine Rule 13(b) of the Rules of the United States Court of Federal Claims (RCFC), an award of attorneys' fees and costs is "a separate decision" subject to review by one of the judges of this court.  "Under the Vaccine Act, the Court of Federal Claims reviews the decision of the special master to determine if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]'"  *de Bazan v. Sec'y of Health & Human Servs.*, 539 F.3d 1347, 1350 (Fed. Cir. 2008) (quoting 42 U.S.C. § 300aa-12(e)(2)(B) and citing *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1277 (Fed. Cir. 2005)) (alteration in original).

This court uses three distinct standards of review in Vaccine Act cases, depending upon which aspect of a special master's judgment is under scrutiny:

> These standards vary in application as well as degree of deference.  Each standard applies to a different aspect of the judgment.  Fact findings are reviewed . . . under the arbitrary and capricious standard; legal questions under the "not in accordance with law" standard; and discretionary rulings under the abuse of discretion standard.

*Munn v. Sec'y of Dep't of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992).

The special master's determination of reasonable attorneys' fees and costs in a Vaccine Act case is typically a discretionary ruling that is entitled to deference from this court. *See, e.g.*, *Saxton ex rel. Saxton v. Sec'y of Dep't of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (stating that "fee determinations are within the discretion of a trial forum and are entitled to deference") (citations omitted); *Wasson by Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991) ("A request for attorneys' fees and expenses should not result in another extensive proceeding, and the special master is given reasonably broad discretion when calculating such awards." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (table).  Here, however, the special master did not address the question of whether petitioner's counsel expended a reasonable number of hours on Ms. Morse's motion for review of *Morse II* and charged a reasonable hourly rate for those services, which would have been a discretionary ruling entitled to deference.  *See Saxton*, 3 F.3d at 1520 ("The determination of the *amount* of reasonable attorneys' fees is within the special master's discretion.") (emphasis added and citation omitted).  Instead, the special master ruled as a matter of law that *no hours* could reasonably have been spent seeking review of his decision in *Morse II*.  *See Morse IV*, 2010 WL 1177321, at *6 (stating that because "Ms. Morse has failed to establish that her motion for review had a reasonable basis[,] [s]he is not awarded any compensation for filing the motion for review").

Thus, *Morse IV* must be reviewed to determine whether the special master's decision was in accordance with law.  *Munn*, 970 F.2d at 870 n.10.  This is a *de novo* review which need not accord deference to the special master's analysis of the law governing attorneys' fees in Vaccine Act cases.  *See, e.g.*, *Althen*, 418 F.3d at 1278-79 (noting that this court's "not in accordance with law" review of a special master's decision in a Vaccine Act case is *de novo*); *Euken by Euken v. Sec'y of Dep't of Health & Human Servs.*, 34 F.3d 1045, 1047 (Fed. Cir. 1994) (noting that in the *de novo* review of legal determinations of a special master, a court "need not accord any deference to the interpretation of the [Vaccine Act] by the special master").  With these principles in mind, the court turns to the special master's attorneys' fees decision in *Morse IV*.

## II.  The Special Master's Two-Factor Test Requiring a "Reasonable Basis" for Motions for Review Filed under Vaccine Rule 34(b)

### A.  Overview

The special master required petitioner's motion for review to have a "reasonable basis."  *Morse IV*, 2010 WL 1177321, at *2.  The two "reasonable basis" factors identified in the special master's decision are the likelihood of success of the motion before a judge of this court, and a cost/benefit analysis comparing the costs of bringing the motion and the potential benefits of having a judge of this court overturn the special master's decision.  *Id.*  The two-factor test devised by the special master is entirely unsupported by the law of this circuit and cannot stand.

As to the likelihood of success factor, the *Morse IV* opinion provided this estimation of petitioner's chances of overturning *Morse II*:

> For Ms. Morse to prevail on her motion for review, she was required to establish that the undersigned's June 5, 2009 decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir. 1993).  This standard of review is deferential to the decision of the special master.  In practical terms, this standard of review means that Ms. Morse was unlikely to prevail on her motion for review.

*Morse IV*, 2010 WL 1177321, at *3.  The special master expresses a profound concern that given the facts underlying his June 5, 2009 fees and costs decision, and the deference afforded his decision by a reviewing judge of this court, petitioner's motion for review of that decision was unlikely to succeed.  Nevertheless, the court must determine, in the first instance, whether the special master erred by weighing the likelihood of success of petitioner's motion for review of *Morse II*.

The other concern raised by the special master was that a cost/benefit analysis would not, in his view, justify the filing of a motion for review of his June 5, 2009 decision:

> Given this [deferential] standard of review, would a reasonable client who was responsible for paying attorneys' fees and costs authorize an appeal that would

> cost approximately $11,000 to recover approximately
> $10,000?

Order of January 5, 2010, at 2. This concern focuses on the economic rationality of Ms. Morse's decision to file a motion for review of *Morse II*, which reduced, by approximately $10,000, her requested award of expert costs. The court will therefore also address the special master's concern for rational economic decision-making, as expressed in the second factor in his "reasonable basis" test and as that concern was addressed in this case.

Finally, respondent points out that the special master appears to have relied on another concept to test whether a "reasonable basis" supports the filing of a motion for review, *i.e.*, whether the petitioner had "substantial justification" to file the motion for review. Resp't Br. at 8. The special master indeed references the term "substantial justification," a term used in the evaluation or characterization of the government's litigation position when a court considers attorneys' fees requested under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006). *Morse IV*, 2010 WL 1177321, at *3. The special master did not assert that EAJA applies to this case, but merely opined that "[a]n anology can be drawn" between the substantial justification of the government's position in cases where EAJA awards are at issue, and the "reasonable basis" for motions for review in Vaccine Act cases.

The court will refrain from a detailed review of EAJA jurisprudence explicating the term "substantial justification" as it is applied to the government's litigation decisions in those cases. A comparison of the relevant language of the Vaccine Act and EAJA shows that distinct terminology and principles govern the award of attorneys' fees in each context. EAJA provides that:

> *Except as otherwise specifically provided by statute*, a
> court shall award *to a prevailing party* other than the
> United States fees and other expenses, in addition to any
> costs awarded pursuant to subsection (a), incurred by that
> party in any civil action (*other than cases sounding in
> tort*), including proceedings for judicial review of agency
> action, brought by or against the United States in any
> court having jurisdiction of that action, *unless the court
> finds that the position of the United States was*

> *substantially justified or that special circumstances make*
> *an award unjust.*

28 U.S.C. § 2412(d)(1)(A) (emphasis added).  The Vaccine Act states in relevant part that:

> *In awarding compensation* on a petition filed under
> section 300aa-11 of this title *the special master* or court
> *shall also award* as part of such compensation an amount
> to cover–
> (A) *reasonable attorneys' fees*, and
> (B) other costs,
> *incurred in any proceeding on such petition*.  If the
> judgment of the United States Court of Federal Claims on
> such a petition does not award compensation, the special
> master or court may award an amount of compensation to
> cover petitioner's reasonable attorneys' fees and other
> costs incurred in any proceeding on such petition if the
> special master or court determines that the petition was
> brought in good faith and there was a reasonable basis for
> the claim for which the petition was brought.

42 U.S.C. § 300aa-15(e)(1) (emphasis added).

        Although the comparison of fee-shifting statutes is often a favored method
for interpreting terms common to these statutes, *see, e.g.*, *Hensley*, 461 U.S. at 433
n.7 (holding that statutes awarding attorneys' fees to a prevailing party should all
be construed similarly), here the EAJA and Vaccine Act fee-shifting provisions are
fundamentally dissimilar.  EAJA only awards fees to prevailing parties, whereas
the Vaccine Act provides for the award of attorneys' fees to both prevailing and
non-prevailing petitioners, although under distinct standards.  EAJA allows the
government to raise a "substantially justified" litigation position defense, whereas
an unsuccessful Vaccine Act petition must have been "brought in good faith" and
have had a "reasonable basis" to merit an award of attorneys' fees to the petitioner.
The court does not believe that analogizing the term "substantially justified," as it
is used in EAJA jurisprudence, is of any assistance in interpreting Vaccine Act
provisions governing the award of attorneys' fees to successful petitioners, in light
of the fact that the term "substantially justified" is absent from the relevant

provision of the Vaccine Act. *Cf. Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) (stating that "*similar* language in separate fee-shifting statutes should generally be interpreted alike" (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n. 2 (1989))) (emphasis added).

## B.    Vaccine Act Provisions

The special master's first legal error was to rely on a portion of 42 U.S.C. § 300aa-15(e)(1) that does not apply to the circumstances of this case. In *Morse IV*, the special master states that in order for Ms. Morse to obtain attorneys' fees for filing her motion for review of *Morse II*, she must "establish that 'there was a reasonable basis for the claim.'" *Morse IV*, 2010 WL 1177321, at *2 (quoting 42 U.S.C. § 300aa-15(e)(1)). It is clear from the special master's decision that he required the motion for review to have a reasonable basis as a prerequisite for any award of attorneys' fees.[2] *Id.* at *6 ("Ms. Morse has failed to establish that her motion for review had a reasonable basis. She is not awarded any compensation for filing the motion for review.").

The language from the statute quoted by the special master applies to petitioners who have not received compensation for their alleged vaccine injury:

> *If the judgment* of the United States Court of Federal Claims on such a petition *does not award compensation*, *the special master* or court *may award* an amount of compensation to cover petitioner's *reasonable attorneys' fees* and other costs incurred in any proceeding on such petition *if the special master* or court *determines that* the petition was brought in good faith and *there was a reasonable basis for the claim for which the petition was brought.*

---

[2] The special master appears to have conflated the word "claim" in 42 U.S.C. § 300aa-15(e)(1), which in fuller quotation refers to "the claim for which the [Vaccine Act] petition was brought," with petitioner's motion for review of *Morse II*, which asserted that the special master's reduction of the amount requested for expert costs should be overturned. The court cannot agree that the term "claim" in this Vaccine Act provision is synonymous with a motion for review seeking an increase in a fees and costs award.

42 U.S.C. § 300aa-15(e)(1) (emphasis added).  Ms. Morse, however, did receive compensation for her alleged vaccine injury, through a stipulation of the parties approved by the special master.  *Morse I*, 2009 WL 255592, at *1.  Thus, the statutory provision governing her request for attorneys fees "incurred in any proceeding on such petition," unlike the provision relied upon by the special master, requires only that such fees be reasonable.  42 U.S.C. § 300aa-15(e)(1); *see Gruber ex rel. Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 783 n.13 (2010) ("In this case, because Petitioners were awarded compensation . . . pursuant to the parties' joint stipulation, it is unnecessary for the court to determine whether Petitioners brought their petition in good faith and whether there was a reasonable basis for their claim.").

The Vaccine Act limits fee awards, when a petitioner has received compensation for an alleged vaccine injury, to petitioners' fees which are "reasonable attorneys' fees."  42 U.S.C. § 300aa-15(e)(1).  The Act does not anywhere state that a successful petitioner must also establish that the motion for review of a special master's decision on fees or costs had a "reasonable basis."  The special master's formulation of a two-factor "reasonable basis" test for motions for review filed by successful petitioners is totally unmoored in the Vaccine Act, and constitutes legal error.

The court's reading of the Vaccine Act is consistent with a precedential opinion of the United States Court of Appeals for the Federal Circuit which construed a fee-shifting statute with similar terms.  In *Augustine v. Department of Veterans Affairs*, 503 F.3d 1362 (Fed. Cir. 2007), the Federal Circuit reviewed a decision by the Merit Systems Protection Board (MSPB) which denied attorneys' fees available under 5 U.S.C. § 3330c(b) (2006) to a "preference-eligible" veteran.[3]  The MSPB committed legal error by requiring certain justifications for the attorneys' fees requested, instead of simply determining whether the quantum of attorneys' fees was reasonable.  *Augustine*, 503 F.3d at 1366.

In *Augustine*, the Federal Circuit rejected requirements that were unsupported by the language of the fee-shifting statute:

---

[3]/  "A preference-eligible veteran is entitled to certain advantages in the government's hiring process."  *Augustine*, 503 F.3d at 1364 (citation omitted).  A preference-eligible veteran may eventually appeal a federal agency's hiring decision to the MSPB.  *Id.*

> "A preference eligible [veteran] who prevails in an action under [certain hiring preference statutes] shall be awarded reasonable attorney fees, expert witness fees, and other litigation expenses." 5 U.S.C. § 3330c(b). In the proceedings below, the AJ interpreted this statute to mean that attorney fees and expenses are unreasonable if (1) success before the Board was not in some way attributable to the efforts of the successful party's attorney, or (2) services were rendered prior to the attorney's entry of appearance before the Board. We reject both of these propositions out of hand as being completely unsupported by the plain language of the statute, which only requires that the fees and expenses be reasonable. Accordingly, we reverse the Board insofar as its decision was based on the AJ's erroneous reading of the statute.

503 F.3d at 1365-66.

Furthermore, it was clear error to categorically deny *any* attorneys' fees to the veteran because of the additional requirements imposed by the MSPB:

> As 5 U.S.C. § 3330c(b), unlike many other fee-shifting statutes, makes an award of reasonable fees to a prevailing party mandatory rather than discretionary, the only question on remand is the amount of those fees. The AJ's bases for denying fees, like the government's arguments on appeal in support of the AJ's categorical denial, were not properly grounded in an inquiry of reasonableness. Instead, the AJ made a determination as to whether Ms. Augustine was entitled to any fees at all. The mandatory nature of section 3330c(b) renders that inquiry inappropriate.

*Augustine*, 503 F.3d at 1367. Although the procedural facts in *Augustine* are

10

readily distinguishable from the instant case,[4] the court cites *Augustine* for the proposition that adherence to the language of the fee-shifting statute is imperative.

### C.   Caselaw

#### 1.   Likelihood of Success

The special master relied on two non-Vaccine Act cases for the formulation of his two-factor reasonable basis test for the filing of a motion for review of a special master's decision in a Vaccine Act case. *Morse IV*, 2010 WL 1177321, at *2 (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993) (*Professional Real Estate*); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (*Arbor Hill*)).  The court turns first to *Professional Real Estate*, which the special master cites, without an explanatory parenthetical, as support for this sentence:  "In determining whether an unsuccessful claim was supported by a reasonable basis, one factor to consider is the likelihood of succeeding on the action."  *Morse IV*, 2010 WL 1177321, at *2.  The special master's reliance on *Professional Real Estate* is misplaced.

*Professional Real Estate* discusses sham litigation in an antitrust context. 508 U.S. at 51.  In *Professional Real Estate*, the United States Supreme Court held that if "a reasonable litigant . . . could realistically expect success on the merits of the challenged lawsuit," that lawsuit did not constitute sham litigation for antitrust purposes.  *Id.* at 63.  The Supreme Court in *Professional Real Estate* also offered a definition of what constitutes a baseless lawsuit, one where "no reasonable litigant could realistically expect success on the merits."  *Id.* at 60.

Although the Federal Circuit has repeatedly utilized this definition of baseless lawsuit in the patent litigation context, *see, e.g.*, *Dominant Semiconductors SDN. BHD. v. Osram GMBH*, 524 F.3d 1254, 1261 (Fed. Cir. 2008), and in at least one instance in a First Amendment analysis, *see SKF USA, Inc. v. U.S. Customs & Border Prot.*, 556 F.3d 1337, 1354 (Fed. Cir. 2009), there is no reason to apply the concept of a baseless lawsuit to Ms. Morse's Vaccine Act

─────────────────────

[4]/  The primary distinction to be noted is that the attorneys' fees request in *Augustine* related to a proceeding on entitlement to compensation on the claim, not to a proceeding disputing the quantum of an attorneys' fees and costs award.  503 F.3d at 1364-65.

case.[5]  First, Ms. Morse received compensation under the Vaccine Act, thus her lawsuit was not baseless.  *See, e.g.*, *Dominant Semiconductors*, 524 F.3d at 1261 (noting that the "successful outcome of the underlying litigation refutes a conclusion that the litigation was objectively baseless at the outset").  Second, as noted above, the Vaccine Act does not require a successful petitioner to establish a reasonable basis for her attorneys' fees request.  Thus, antitrust and patent cases where reasonable bases for suit might be required in certain circumstances are inapposite.  Third, the baseless lawsuit concept, at least in the case cited by the special master, was applied in a commercial context where the *commencing* of a copyright infringement lawsuit could have yielded a competitive advantage to the plaintiff.  *Professional Real Estate*, 508 U.S. at 52.  Here, the special master was concerned not with the commencing of Ms. Morse's suit or any consequences attendant to the commencement of suit before him, but with a decision to file a motion for review of his decision on fees and costs.  For all of these reasons, the special master's test requiring a reasonable basis of a motion for review is not analogous to *Professional Real Estate* and similar cases; if there is support for the special master's "likelihood of success" requirement, that support must be found elsewhere.

        The special master cited to three other cases that might have some relevance to the likelihood of success factor in his "reasonable basis" test.  None of these cases directly supports the application of his two-factor "reasonable basis" test to motions for review filed by successful petitioners under the Vaccine Act.  The special master first cites to *Jordan v. Sec'y of Dep't. of Health & Human Servs.*, 38 Fed. Cl. 148, 154 (1993), asserting that the court in *Jordan* found "a motion for review . . . to lack a reasonable basis."  *Morse IV*, 2010 WL 1177321, at *5.  Because *Jordan* discussed the award of attorneys' fees to an unsuccessful petitioner, 38 Fed. Cl. at 149, it is inapposite.  As discussed above, different standards apply to the fee requests of successful and unsuccessful petitioners under the Vaccine Act.  Furthermore, *Jordan* characterized the motion for review before the court in that suit as frivolous, which distinguishes *Jordan* from this court's decision in *Morse III*.  *See Jordan*, 38 Fed. Cl. at 154 (stating that "because petitioners' motion for review did not challenge the critical finding [by the special master], petitioners' other arguments to this court are irrelevant and, thus, frivolous").  The court's denial of attorneys' fees for the motion for review in

_____

        [5]/  The Federal Circuit has not cited *Professional Real Estate* in any Vaccine Act case.

12

*Jordan* was based upon fundamentally different circumstances and is not persuasive support for the special master's use of a two-factor "reasonable basis" test in the circumstances of this case.[6]

The special master next cites to the concurring opinion in *Phillips ex. rel. Phillips v. Sec'y of Dep't of Health & Human Servs.*, 988 F.2d 111, 113 (Fed. Cir. 1993) (Plager, J., concurring).  *Morse IV*, 2010 WL 1177321, at *5.  It is important to note that in *Phillips*, the petitioner was unsuccessful in obtaining compensation for an alleged vaccine injury.  988 F.2d at 111.  As Judge Plager stated in his concurrence, "[t]he Vaccine Act provides that *unsuccessful* petitioners may recover 'reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.'"  *Id.* at 113 (Plager, J., concurring) (citing 42 U.S.C. § 300aa-15(e)) (emphasis added).  The concurring opinion in *Phillips* concerned attorneys' fees related to an unsuccessful petition and thus, *Phillips*, too, is inapposite.[7]

Finally, the special master cites to *Perreira ex. rel. Perreira v. Sec'y of Dept. of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994), for the proposition that "a case may cease to have a reasonable basis during the entitlement phase."  *Morse IV*, 2010 WL 1177321, at *5.  The special master extends the reasoning of *Perreira* and concludes that "a case may [also] cease to have a reasonable basis during the litigation over attorneys' fees and costs."  *Id.*

---

[6]/  Decisions in other cases before this court, whether issued by special masters or judges, are not binding in this proceeding.  *See W. Coast Gen. Corp. v. Dalton*, 39 F.3d 312, 315 (Fed. Cir. 1994) ("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") (citations omitted).

[7]/  Respondent cites to a Vaccine Act opinion denying attorneys' fees for a later phase of litigation as support for the special master's decision in *Morse IV*.  Resp't Br. at 11 (citing *Bradley v. Sec'y of Health & Human Servs.*, No. 90-975V, 1993 WL 325584, at *1 (Fed. Cl. Spec. Mstr. Aug. 10, 1993)).  *Bradley*, however, discussed the attorneys' fees request of an *unsuccessful* petitioner, and therefore applied a standard not applicable to this case.  1993 WL 325584, at *1.  The court notes, too, that the special master in *Bradley* disapproved attorneys' fees for an appeal taken to the Federal Circuit, but awarded fees for the first level of review, that of a motion for review by a judge of this court.  *Id.* at *3.  If this court awards fees to Ms. Morse for her petition for review of *Morse II*, that result would be the same as the result obtained in *Bradley*.

One significant problem with the special master's analysis is that *Perreira*, like the other cases relied upon by the special master, discussed the attorneys' fees request of unsuccessful petitioners. 33 F.3d at 1376. The Federal Circuit's holding is clearly limited to the circumstances of petitioners who have not been awarded compensation under the Vaccine Act. The opinion noted that fees may be awarded "[e]ven though an initial petition for compensation is denied" and quoted 42 U.S.C. § 300aa-15(e)(1) as authority for that statement of the law. *Perreira*, 33 F.3d at 1376. The *Perreira* court again cited section 300aa-15(e)(1) to describe the law applicable to the case before it: "Attorney fees and costs may be awarded *despite losing* on the underlying claim if the petition is brought in good faith and there is a reasonable basis for the claim." *Id.* at 1377 (emphasis added). Because *Perreira* did not discuss the standard governing reasonable attorneys' fees that can be awarded to successful Vaccine Act petitioners, *Perreira* cannot support the special master's two-factor "reasonable basis" test, which the special master applied in *Morse IV* to a successful petitioner's motion for review.

Upon review of the cases relied upon by the special master, the court finds no direct support for his articulation of a two-factor "reasonable basis" test that should apply to successful Vaccine Act petitioners, one where "likelihood of success" becomes a prerequisite for obtaining reasonable attorneys' fees for a motion for review of a special master's decision. Nonetheless, there is persuasive *dicta* in these cases suggesting that frivolous appeals and motions for review are *per se* unreasonable under the Vaccine Act. *See Perreira*, 33 F.3d at 1377 (stating that "counsel's duty to zealously represent their client does not relieve them of their duty to the court to avoid frivolous litigation"); *Jordan*, 38 Fed. Cl. at 154 (stating that "because petitioners' motion for review did not challenge the critical finding [by the special master], petitioners' other arguments to this court are irrelevant and, thus, frivolous"). The court reads the term "reasonable attorneys' fees" in section 300aa-15(e)(1) to bar recovery of any attorneys' fees occasioned by the filing of frivolous reviews and appeals.

However, as the Federal Circuit has stated, "[a]n appeal having a small chance for success is not for that reason alone frivolous." *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578 (Fed. Cir. 1991) (citing *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554 (Fed. Cir. 1983)). The special master's likelihood of success test thus goes too far. His likelihood of success requirement would appropriately bar the award of attorneys' fees for frivolous challenges to a special master's decision. But a likelihood of success requirement also impermissibly

14

withholds attorneys' fees from successful petitioners if their motion for review is merely unlikely to succeed. The court notes that the Vaccine Act does not place any restrictions on attorneys' fees for successful petitioners other than the requirement that these fees be reasonable. 42 U.S.C. § 300aa-15(e)(1). The court therefore rejects the "likelihood of success" factor proposed by the special master, because it is in conflict with the Vaccine Act. His decision to categorically refuse to award fees for a non-frivolous motion for review on the basis that it had little chance of success was not in accordance with law.

## 2.    Cost/Benefit Analysis

The special master also factored "a cost/benefit analysis of the action" into his "reasonable basis" test for motions for review. *Morse IV*, 2010 WL 1177321, at *2. As explained above, the Vaccine Act places no "reasonable basis" requirement on a successful petitioner's motion for review, and does not explicitly reference a cost/benefit analysis as a factor in awarding fees for the filing of such a motion. In *Arbor Hill*, the case relied upon and quoted by the special master, the United States Court of Appeals for the Second Circuit commented that a trial court

> must act . . . to ensure that the attorney [in a case governed by a fee-shifting statute] does not recoup fees that the market would not otherwise bear. Indeed, the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.

*Arbor Hill*, 522 F.3d at 184. This statement of the law, which has never been adopted by the Federal Circuit, suggests that the determination of reasonable fees requires an analysis of market forces; nonetheless, *Arbor Hill* never actually employs the term "cost/benefit analysis" and thus provides extremely weak support for the special master's cost/benefit analysis factor.

The special master asks "whether the decision to spend approximately $11,000 to recover approximately $10,000 was reasonable." *Morse IV*, 2010 WL 1177321, at *4. This concern of the special master could be characterized as a concern for economic rationality. *See Minneapolis Star & Tribune Co. v. United States*, 713 F. Supp. 1308, 1315 (D. Minn. 1989) (noting that fee requests should

reflect "reasonable expectations of recovery," the "economics of litigation," and the "standard of economic rationality"). As one appellate court has opined, "[e]xcept in grudge litigation, no client, however wealthy, pays a lawyer more than a dollar to pursue a dollar's worth of recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). But this concern for economic rationality, as set forth in *Kirchoff* and *Minneapolis Star & Tribune*, has not been adopted by the Federal Circuit, at least in Vaccine Act cases, and this court is reluctant to apply such an interpretation to 42 U.S.C. § 300aa-15(e)(1), absent stronger authority.

The cost containment responsibilities of the special master have been explicitly addressed by the Federal Circuit in *Saxton*:

> [A] reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The [trial forum] also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . . Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 433-34) (internal quotations removed). The power of the fact-finder to reduce inflated fee requests is well-established. *See id.* ("Trial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests."). If the special master had decided that $11,000 was an extravagant amount for bringing a motion for review which required relatively little effort, for example, his award of a lower amount would have been within his discretion and subject to a deferential standard of review. *See id.* ("It was well within the special master's discretion to reduce the hours [claimed in a fee request] to a number that, in his experience and judgment, was reasonable for the work done."). Instead, however, the special master appears to have relied on an economic rationality test that has no support in

the binding precedent of this circuit governing cases brought under the Vaccine Act.

To be sure, the term "reasonable attorneys' fees" in the Vaccine Act implies an exercise of billing judgment, as it is not proper for an attorney to bill a client for hours not needed to represent the client's interests. *See Hensley*, 461 U.S. at 434 (stating that "otherwise unnecessary" hours of work should be excluded from fee requests under fee-shifting statutes). Thus, precedent binding on this court permits a threshold inquiry into the utility of the Vaccine Act legal services for which attorneys' fees are requested. *Saxton*, 3 F.3d at 1521; *see also Augustine*, 503 F.3d at 1366-67 (observing that the attorneys' fees requested in that matter were, as "a threshold matter," reasonable because of the veteran's "need for counsel," although quantum was yet to be determined). This threshold inquiry, in the subject matter, permits the fact-finder to assess whether the motion for review of *Morse II* was "unnecessary."

From a practical standpoint, the motion for review was not unnecessary. Petitioner stood to receive almost $10,000 in additional expert costs if her motion for review succeeded. *See Morse III*, 89 Fed. Cl. at 686. Although the special master expresses some doubt that "Ms. Morse is liable to reimburse" her expert, *Morse IV*, 2010 WL 1177321, at *4, the court relies on the representations of petitioner's counsel, *see* Pet'r Mot. at 4, which are, of course, sanctionable if untrue. The court also recognizes that attorneys' fees and costs disputes, although they may confer little or no benefit to an individual Vaccine Act claimant, assure that reasonable attorneys' fees are paid to the petitioners' bar. *See Avera*, 515 F.3d at 1352 (observing that "one of the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims" (citing *Saunders ex. rel. Saunders v. Sec'y of Dep't of Health & Human Servs.*, 25 F.3d 1031, 1035 (Fed. Cir. 1994))). Under the circumstances of this case, the court finds that the motion for review was not unnecessary, and that petitioner's fee request was not, as a threshold matter, unreasonable.

The court notes that under the economic rationality test implied in *Kirchoff* and *Minneapolis Star & Tribune*, which appears to echo the "thrifty, hypothetical client" perspective of *Arbor Hill*, 522 F.3d at 185 (rejecting hourly rates for attorneys that "would simply have been too high for a thrifty, hypothetical client"), there was no benefit to Ms. Morse and the motion for review was unnecessary. As

17

a hypothetical private litigant in a hypothetical private non-Vaccine Act suit with hypothetical facts similar to the motion for review at issue here, she expended more in litigation costs than she could have received in a monetary judgment.  The court declines, however, any invitation to import an economic rationality test into the determination of fee awards due successful petitioners in Vaccine Act cases, absent guidance from the Federal Circuit in this regard.

The Supreme Court, in the context of other fee-shifting statutes, has explicitly noted that attorneys' fees under these statutory schemes may be different (and quite often less) than the fees charged private clients in the marketplace, but also noted that the guarantee of attorneys' fees expresses the purpose of the legislation and the intent of Congress:

> These statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.  Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws.  Hence, if plaintiffs, such as Delaware Valley, find it possible to engage a lawyer based on the statutory assurance that he will be paid a "reasonable fee," the purpose behind the fee-shifting statute has been satisfied.

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (*Delaware Valley*).  Because the Vaccine Act provides reasonable fee awards to successful petitioners, this court must follow *Delaware Valley* and cannot ignore the Vaccine Act's "statutory assurance" that fees will be available in any proceeding on a successful petition for vaccine injury compensation.

The special master's decision to award no attorneys' fees for the motion for review of *Morse II*, because the motion in his view lacked economic rationality, is not in accordance with law and cannot be sustained.  Petitioner's motion for review was not unnecessary, and at least some of the legal services provided by petitioner's counsel were therefore reasonable.  The court now turns to its consideration of the proper amount due Ms. Morse.

### III.     Reasonable Attorneys' Fees for the Motion for Review Filed by Petitioner Challenging *Morse II*

The court notes first that respondent did not object to the slightly diminished request for attorneys' fees in the amount of $11,000 filed by Ms. Morse.  This court has commented that a lack of objection by respondent is not dispositive when the court considers the reasonableness of a request for attorneys' fees and costs in Vaccine Act cases.  *See, e.g.*, *Gruber*, 91 Fed. Cl. at 784 (stating that "a Special Master is not limited to the objections raised by Respondent" when determining the appropriate fee award amount) (citations omitted); *Savin ex rel. Savin v. Sec'y of Health & Human Services*, 85 Fed. Cl. 313, 319 (2008) (stating that "this court cannot subscribe to the notion that, because respondent failed to object to certain items, the Special Master was compelled either to give petitioners a second chance to explain what their counsel should have explained in the first instance, or to find that their requests were reasonable, despite obvious indications to the contrary"). An agreement between the parties as to an attorneys' fees award is not entirely meaningless, however.  As one special master has noted, the successful negotiation of a law firm's hourly rate by respondent and petitioners' counsel provides some indication of what a client might reasonably pay for Vaccine Act legal services. *See Rodriguez ex. rel. Rodriguez v. Sec'y of Dept. of Health & Human Services*, No. 06-559V, 2009 WL 2568468, at *3 n.14 (Fed. Cl. Spec. Mstr. July 27, 2009) ("The negotiated rates [representing the compromises achieved between petitioners and respondent] may not be all that the market could bear, but because they represent an agreement, they constitute some evidence of what a willing buyer would pay a willing seller for the precise services at issue in Vaccine Act fees litigation.") (citations omitted).  Similarly, the court believes that a compromise figure reached by petitioner and respondent provides some evidence that an attorneys' fees request is reasonable, and indeed, special masters frequently approve uncontested attorneys' fees and costs awards.  *See, e.g.*, *Dunbar v. Sec'y of Dept. of Health & Human Servs.*, No. 98-627V, 2010 WL 1837788 (Fed. Cl. Spec. Mstr. Apr. 16, 2010).

As the Federal Circuit has held, a reasonable fee award is based on a reasonable number of hours of work multiplied by a reasonable hourly rate. *Saxton*, 3 F.3d at 1521 (citing *Hensley*, 461 U.S. at 433).  The court turns first to the rates charged by the attorneys and other law firm personnel in Ms. Morse's fees request.  *See* Pet'r Fees Br. at 4-5.  These rates appear to be reasonable, and are

similar to rates for the same law firm which have been approved in a recent Vaccine Act case.  *See Renza v. Sec'y of Health & Human Servs.*, No. 07-444V, 2009 WL 4884475 (Fed. Cl. Spec. Mstr. Nov. 24, 2009).  With one small exception, the tasks performed by attorneys, law clerks and paralegals appear to appropriately correspond to their respective competencies and billing rates.[8]  The court finds that the rates charged for the motion for review of *Morse II* are reasonable.

Likewise, upon review, the hours spent by the attorneys, law clerks and paralegals engaged by petitioner do not appear to be excessive.  The request submitted to the special master included approximately thirty-two hours for work done by attorneys, and approximately thirteen hours for tasks accomplished by law clerks and paralegals.  Pet'r Fees Br. at 5.  The court has also, however, considered the number of hours spent on the motion for review in light of the content of the memorandum supporting the motion.

The memorandum supporting the motion for review of *Morse II* presented three arguments:

> First, Ms. Morse asserts that Dr. Tenpenny's invoice comported with Vaccine Act guidelines and norms, and that the special master abused his discretion by rejecting that invoice as deficient.  Second, petitioner contends that the special master abused his discretion when he determined that only thirteen hours were required for Dr. Tenpenny's review of Ms. Morse's medical records.  Third, Ms. Morse argues that the special master abused his discretion when he trivialized or ignored evidence of the volume and complexity of the work performed by Dr. Tenpenny.

---

[8]/  The updating of a case file to reflect the assignment of petitioner's first motion for review to the undersigned, Pet'r Fees Br. at 5, does not appear to this court to be a task requiring the services of an attorney.  *See, e.g.*, *Rodriguez*, 2009 WL 2568468, at *20 n.54 (stating that "clerical and administrative tasks should not be billed as attorney time").  The court notes that the reduction petitioner made in her fees request more than compensates for this excessive charge.

*Morse III*, 89 Fed. Cl. at 688.  The second argument was, as the court noted, somewhat weakened by a failure to cite to a single analogous case where an expert had been found to have reasonably spent forty hours on the review and analysis of medical records in a Vaccine Act case, *id.* at 689, but perhaps this analogous case does not exist.[9]  Despite the motion's failure to persuade, the court believes that the hours reported for the filing of the motion for review of *Morse II* are reasonable because the end-product submitted to the court generally reflects the work described in the invoice submitted to the special master.

The court has also surveyed fee awards for motions for review filed in Vaccine Act cases to determine whether the hours requested in this case are excessive.  One recent decision approved over forty attorney work hours for the filing of a motion for review.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2010 WL 1783542 (Fed. Cl. Spec. Mstr. Apr. 14, 2010).  In a procedurally-complex Vaccine Act case, a judge of this court approved 160.2 attorney work hours for two motions for review of the decisions of a special master.  *Doe/11 ex rel. Child Doe/11 v. Sec'y of Dept. of Health & Human Servs.*, 89 Fed. Cl. 661, 667 (2009).  In another case, 6.25 attorney work hours were requested and approved for the filing of a motion for review.  *Valdes  v. Sec'y of Health & Human Servs.*, No. 99-310V, slip op. at 4-5 (Fed. Cl. Spec. Mstr. Oct. 26, 2009).  Although each motion for review has its own requirements, the hours requested for the motion for review of *Morse II* appear to be within a reasonable range.

There are few reported decisions specifically addressing the reasonableness of hours spent preparing a motion for review of a special master's decision.  As a general rule, the parties in Vaccine Act cases endeavor to reach agreement as to attorneys' fees awards, as they did in this case.  *See, e.g.*, *Dunbar*, 2010 WL 1837788, at *1 (showing that the petitioner's initial fees and costs request had been substantially reduced in negotiation with respondent to arrive at an acceptable compromise figure).  Based on its review of similar attorneys' fees awards for

---

[9]/  Petitioner's memorandum also engaged in speculation as to the special master's motives in reducing the award of expert costs in *Morse II*.  *See* Pet'r Mem. of July 6, 2009, at 10 n.12.  Such speculation is not persuasive, and the time spent including such speculation in a motion for review is worthless both to petitioner and to the court, and should not be compensated.  The reduction in the fees request agreed to by petitioner appropriately reduces the requested fee award in an amount which more than offsets the time spent commenting on the special master's purported state of mind.

motions for review filed in Vaccine Act cases, the court has found no indication that the hours requested in this instance were excessive.

For all of the foregoing reasons, the court approves petitioner's request for attorneys' fees in the amount of $11,000 for her motion for review of *Morse II*. The only remaining question is whether Ms. Morse is due attorneys' fees for filing her motion for review of *Morse IV*.[10]  The court is reluctant to adjudicate yet another round of proceedings concerning attorneys' fees in this suit, but does not believe that such fees are unnecessary.  *See Avera*, 515 F.3d at 1352 (observing that "one of the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims" (citing *Saunders*, 25 F.3d at 1035)).  Because the court has provided significant guidance in this opinion to both petitioner and respondent as to the award of reasonable attorneys' fees in the context of the filing of a motion for review of a special master's decision, the court will itself decide the reasonable quantum of attorneys' fees occasioned by petitioner's challenge to the special master's decision in *Morse IV*, rather than remanding this question to the special master.  *See* RCFC Vaccine Rule 34(b).  The court strongly urges the parties to come to agreement as to the fees due Ms. Morse for this latest (and, it is hoped, last) round of proceedings.  The court reminds the parties that litigation for litigation's sake does not serve the interests of either of the parties to this suit.  *See Wasson*, 24 Cl. Ct. at 483 ("A request for attorneys' fees and expenses should not result in another extensive proceeding . . . ." (citing *Hensley*, 461 U.S. at 437)).

## CONCLUSION

For all of the above reasons, the court holds that the special master's refusal to grant any attorneys' fees to petitioner for her motion for review of his June 5, 2009 decision was not in accordance with law and must be set aside.  The court has determined that $11,000 is a reasonable amount of attorneys' fees for petitioner's first motion for review.  Petitioner and respondent shall confer and attempt to resolve any remaining attorneys' fees requests in this suit.

Accordingly, it is hereby **ORDERED** that

---

[10]/  Petitioner has also stated that attorneys' fees were occasioned by the special master's request for a supplemental brief establishing the "reasonable basis" of her motion for review of *Morse II*.  Pet'r Supp. Br. at 4 n.3.

(1)     Petitioner's Motion for Review of the Special Master's March 9, 2010
        Decision on Attorneys' Fees, filed on April 8, 2010, is **GRANTED**;

(2)     The March 9, 2010 decision of the special master is **SET ASIDE** and
        **VACATED**;

(3)     The Clerk's Office is directed to **ENTER** judgment for petitioner in
        the additional amount of **$11,000** in reasonable attorneys' fees;

(4)     The parties shall separately **FILE** any proposed redactions to this
        opinion, with the text to be redacted clearly marked out or otherwise
        indicated in brackets, on or before **July 12, 2010**; and

(5)     On or before **August 13, 2010**, petitioner shall **FILE** for consideration
        by the undersigned **either** a **Joint Stipulation** as to a requested final
        award of reasonable attorneys' fees for petitioner, **or Petitioner's
        Fourth Supplemental Application for Attorneys' Fees**.

                                        /s/ Lynn J. Bush
                                        LYNN J. BUSH
                                        Judge

cc:     Special Master Christian J. Moran

23